# IN THE UNITED STATE DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

**GREGORY SIMMONS** )
)
**Plaintiff** )
)
**MERCEDES-BENZ** )
**U.S. INTERNATIONAL,** )
**INC.** )
)
**Defendant** )

## CLASS ACTION COMPLAINT AND JURY DEMAND

### I. INTRODUCTION

1. This is an action for legal and equitable relief to redress unlawful disability and race discrimination.  This suit is brought as a class action for all persons who have an ADA qualifying disability and were denied short term disability policy benefits as Mercredes-Benz U.S International Inc.'s ["Mercedes"] elevates "business need" over the employee's need for plan benefits. The suit is brought to secure the protection of and to redress the deprivation of rights secured by Americans with Disabilities Act of 1990, as amended, codified at 42 U.S.C. § 12112(a)  Title VII of

1

the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991, codified at 42 U.S.C. § 2000e et seq. ("Title VII"), and 42 U.S.C. 1981

## II.  JURISDICTION

2. Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1343(a)(3) and 1343(a)(4), and 42 U.S.C. § 2000e-5.

3. A substantial part of the unlawful employment practices challenged in this action occurred in Tuscaloosa County, Alabama. Venue is proper pursuant to 28 U.S.C. § 1391(b).

## III. ADMINISTRATIVE PREREQUISITES

4. The plaintiff has met all administrative conditions precedent for filing this case under Title VII and the ADA. Plaintiff timely filed a Charge of Discrimination with the EEOC on September 17, 2018 [420-2018-03959], within 180 days of the occurrence of the last discriminatory act(s). On September 27, 2019, Plaintiff was issued a Dismissal and Notice of Rights for her EEOC charge. Plaintiff is filing the instant lawsuit within 90 days of his receipt of her Dismissal and Notice of Rights.

## IV.  PARTIES

5. The Plaintiff, Gregory Simmons ("Plaintiff" or "Simmons"), is an

African American male citizen of the United States over the age of nineteen (19) years and has been at all times pertinent to the matters alleged herein a resident citizen of the State of Alabama. Plaintiff is disabled by way of a Achilles injury, which is a physical impairment that substantially limits one or more of her major life activities; in particular, her ability to, <u>inter alia</u>, work in a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities.  In addition, Plaintiff has a history of having an impairment, which substantially limits one or more of his major life activities, and/or he is perceived by Defendant as a person with a disability as that term is defined under the ADA.  Thus, Plaintiff has a disability under the ADA. (42 U.S.C. § 12102).

6. Defendant, Mercedes-Benz U.S. (hereinafter referred to as "Defendant"), employs more than fifteen (15) people and is thus an "employer" for ADA and Title VII purposes.  Defendant is a leading manufacturer of automobiles. Defendant has a manufacturing plant located in Tuscaloosa, AL.

**V.   STATEMENT OF FACTS**

7. Plaintiff re-alleges and incorporates by reference paragraphs 1-6 above with the same force and effect as if fully set out in specific detail herein below.

8. After working initially as contractor, Defendant hired Simmons in March 2016.

9. Simmons worked as specialist procuring automotive parts as in the Mercedes Benz's supply chain.

10. In July 2018, Simmons experienced chronic and severe pain stemming from a previous Achilles rupture.

11. The previous fall, Simmons was off of work and had surgery to rupture.

12. On July 19, 2019, Dr. Patricia Antero informed Mercedes that do to the nature of the degeneration and previous rupture that Simmons was in pain had difficulty walking and needed a surgical procedure.

13. On August 9, 2019, Southlake Orthopedics advised Mercedes of upcoming appointment for surgical consult with an expected return to work date of September 06, 2018.

14. Mercedes rejected the doctor's explanation, denied Simmons any short term disability and requested additional information.

15. On August 13, 2019 at 6:41 pm via email, Simmons provided Mercedes official David Olive obtained further medical clarification which stated that patient needed surgery as soon as possible.

16. On August 20, 2019, Steve Shiew, Team Relations Manager, Sent Simmons a letter terminating his employment and incorrectly that he had not provided any additional medical information.

**Mercedes Short Term Disability Policy**

17. Mercedes maintains a short term disability plan that allows for continuation of salary for team members because of non-work related medical impairment extending beyond seven days.

18. The terms of the plan make clear that the company's business needs as determined by company's supervisor come before the employee's need and or qualifications for short term disability leave.

19. Simmons was denied a reasonable accommodation of allowing to be off of work under the policy and terminated.

20. Allowing Simmons to be absent from work for definite 90 day period or to work from home would not have been undue hardship on the company.

21. The company has allowed white employee Kathy Norris an accommodation to work for other reasons.

**ADA CLASS ALLLEGATIONS**

22. Mercedes and their supervisors serve as the plan administrator for the company's Short Term Disability Plan. The policies and practices that Defendant followed with respect to Simmons' claims are the same that are followed for other and justify class treatment: Mercedes' Short Term Disability policy elevates business needs over an employee's disability need for reasonable accommodation of some leave making the benefits illusory.

While some disabilities may not be ADA qualifying, other such as Simmons were. Although labeled short term disability policy, business needs come before any assessment of the need for disability leave.

23. As such, pursuant to Federal Rule of Civil Procedure 23, Plaintiff brings his claims on behalf of himself a putative class of similarly situated individuals.

24.   The class ("Class") is defined as follows:

> All participants or beneficiaries in Mercedes Benz Short Term Disability Insurance for which the supervisors wrongfully denied coverage and applied  "Business Needs" Standards to deny coverage when the employee has a disability or perceived disability as defined by the Americans with Disabilities Act that needed an accommodation and/or policy benefits.

25.   There are so many persons within the putative Class that joinder is

impracticable.

26.   Certification of the Class is desirable and proper because there are questions of law and fact in this case that are common to all members of the Class.  Such common questions of law and fact include, but are not limited to, the following:

  i.   The nature of the legal duties ADA imposes upon Mercedes and their supervisory as policy decision makers for disability claims;

  ii.   Whether Mercedes supervisor act consistent with generally accepted professional standards in the medical community;

6

      iii.    Whether administration of the policy is consistent with Americans with Disabilities Act and allowance for a reasonable accommodation when when no undue hardship is imposed on the company;

      iv. What remedies are available if the Defendant is liable for the claims asserted.

      27.    Certification is desirable and proper because Plaintiff's claims are typical of the claims of members of the proposed Class that Plaintiff seeks to represent.

      28.    Certification is also desirable and proper because Plaintiffs will fairly and adequately protect the interests of the members of the Class that they seek to represent.  There are no conflicts of interest between Plaintiff and members of the Class, and Plaintiff is cognizant of his duties and responsibilities to the entire Class.  Plaintiff's counsel are qualified, experienced, and able to conduct the proposed class action litigation.

      29.    It is desirable to concentrate the litigation of these claims in this forum.  The determination of the claims of all Class members in a single forum, and in a single proceeding, would be a fair and efficient means of resolving the issues presented in this litigation.

      30.    Any difficulties likely to be encountered in maintaining this action as a class action are reasonably manageable, especially when weighed against the virtual impossibility of affording adequate relief to Class embers through numerous individual actions.

## VI.  CAUSES OF ACTION

### COUNT I – ADA DISABILITY DISCRIMINATION

31.  Plaintiff is disabled by way of an Achilles injury, which is a physical impairment that substantially limits one or more of his major life activities; in particular, his ability to, <u>inter alia</u>, work in a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities.  In addition, Plaintiff has a history of having an impairment, which substantially limits one or more of his major life activities, and/or he is perceived by Defendant as a person with a disability as that term is defined under the ADA.  Thus, Plaintiff has a disability under the ADA. (42 U.S.C. § 12102).

32.  The Defendant discriminated against Plaintiff because of his disability with respect to the terms and conditions of his   employment      in violation of the ADA.

33.  Plaintiff's damages and injuries include loss of pay and benefits.  Furthermore, as a result of the treatment he received from the Defendant, Plaintiff has been made to suffer mental anguish, humiliation, and embarrassment.

34. The Defendant's discriminatory actions toward Plaintiff were reckless, malicious,and willful and in violation of Plaintiff's statutory rights pursuant to the ADA, as amended.

## COUNT II –TITLE VII AND RACE DISCRIMINATION

35. The Defendant Mercedes also discriminated against Simmons because of his race with respect to denial of a reasonable accommodation, and termination of his employment in violation of 42 U.S.C § 2000e, as amended, and 42 U.S.C §1981 and 42 U.S.C.§1981a.

36. Mercedes accommodated white employee Kathy Norris who was allowed to work from home.

37. Mercedes' decision to terminate Simmons' employment rather than examine his medical paper work was discriminatory.

38. Simmons has suffered loss of pay and benefits. Furthermore, as a result of the treatment he received from the Defendant, Simmons suffered mental anguish, humiliation, embarrassment. The Defendant's discriminatory actions toward Simmons was reckless, malicious, and willful and in violation of his statutory rights pursuant to Title VII of the Civil Rights Act of 1964, as amended, and 42 U.S.C. 1981.

## VII. PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully prays that this Court assume jurisdiction

of this action and after trial:

1. Grant the Plaintiff a declaratory judgment holding that the actions of Defendant described herein above violated and continue to violate the rights of the Plaintiff as secured by Title VII and the ADA;

2. Grant the Plaintiff and the class he seeks to represent a permanent injunction enjoining Defendant, their agents, successors, employees, attorneys and those acting in concert with this Defendant and on this Defendant's behalf from continuing to violate the ADA and in particular re-write the operating rules for the Short Term Disability benefits that allow for consideration of the Americans with Disabilities and any qualifying disability not just supervisory whim on the business needs of the corporation;

4. Grant plaintiff a reasonable accommodation and re-instate Plaintiff to a position agreed to by the parties.

5. Grant the Plaintiff an order requiring the Defendant to make the Plaintiff whole by awarding Plaintiff back pay plus interest (including prejudgment), front pay, and by awarding plaintiff compensatory, punitive, and/or nominal damages;

6.	The Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees and expenses.

                    Respectfully submitted,

                    *s/Lee Winston*
                    Lee D. Winston
                    Roderick T. Cooks
                    Attorneys for the Plaintiff

**OF COUNSEL:**
WINSTON COOKS, LLC
505 North 20th Street North
Suite 815
telephone: (205) 502-0940
facsimile: (205) 278-5876
lwinston@winstoncooks.com